UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-24756-CIV-SEITZ/TURNOFF

ROBERT STEIN,

                Plaintiff,

vs.

MARQUIS YACHTS, LLC and CATERPILLAR, INC.,

                Defendants.

_____/

## ORDER GRANTING IN PART MOTIONS TO DISMISS

THIS MATTER is before the Court on Defendant Marquis Yachts, LLC's Motion to Dismiss Plaintiff's Complaint [DE-6] and Defendant Caterpillar, Inc.'s Motion to Dismiss and Joinder in Defendant Marquis Yachts, LLC's Motion to Dismiss [DE-13]. This case arises from Plaintiff's purchase of a yacht which quickly developed mechanical and other problems. Marquis Yachts, LLC (Marquis) manufactured Plaintiff's yacht and Caterpillar, Inc. (Caterpillar) manufactured the yacht's engines. Plaintiff sues both Defendants for breach of express warranty, breach of implied warranty of merchantability, strict product liability, negligent product liability, and for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and also sues Marquis for breach of implied contract.[1]  Both Defendants move to dismiss on forum non conveniens grounds or, in the alternative, to dismiss all counts but Count II pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Defendants have not meet their burden for dismissal

---

[1] In his responses to the motions, Plaintiff represents that he will voluntarily dismiss his claim against Marquis for strict product liability, DE-8 at 18, and will voluntarily dismiss his claims against Caterpillar for strict and negligent product liability, DE-16 at 9. Despite these representations, Plaintiff has not actually dismissed these claims. However, based on these representations to the Court, the claims are dismissed without prejudice.

based on forum non conveniens, that portion of both motions is denied. Counts III, V, VI, VIII, and XI are dismissed with prejudice and Count I is dismissed without prejudice for failure to state a cause of action upon which relief may be granted.

## I.   FACTS ALLEGED IN THE COMPLAINT

Plaintiff is a resident of Toronto, Ontario, Canada. On April 19, 2013, in Toronto, Plaintiff purchased a new Carver 54' Voyager yacht (the Yacht) for $902,405.00.[2] The Yacht was manufactured by Marquis and the engines were manufactured by Caterpillar. In June 2013, Plaintiff took delivery of the Yacht in Ontario, without the formal delivery process involving inspection and instruction. The engines on the Yacht began experiencing problems even before Plaintiff took delivery and the problems continued after delivery. Additionally, there were problems with non-mechanical parts of the Yacht.[3]

On July 16, 2013, Caterpillar inspected the engines and determined that parts were needed to fix the problems. The engine problems were supposedly resolved as of July 29, 2013. Also, on July 29, 2013, Plaintiff notified Marquis' distributor that he planned to drive the Yacht from Ontario to Florida in September 2013 and needed everything fixed before then. The distributor assured Plaintiff that everything would be fixed before then. On July 31, 2013 and

---

[2]While not alleged in the complaint, the parties do not dispute that the Yacht was purchased from a third-party, Crate Marine Sales, Ltd., with whom Plaintiff had a written purchase contract, and that Plaintiff has a pending action in Ontario against Crate Marine Sales, Ltd.

[3]The complaint contains lengthy lists of those problems. *See* DE-1 at ¶¶ 23-25, 28. Other than the fact that the problems were non-mechanical, the specific problems are not relevant to the pending motions.

again on August 9, 2013, Plaintiff notified Marquis of numerous non-engine problems with the Yacht. Marquis assured Plaintiff that all repairs would be timely made.

Given Marquis' and Caterpillar's assurances that the engines had been repaired and the Yacht was in proper working order, on October 1, 2013, Plaintiff began his trip from Ontario to Florida on the Yacht. In early October, during the trip, the engines failed off the coast of New York. After three days of repairs, the trip to Florida resumed. Soon afterwards, an engine sustained a major oil leak and Plaintiff was forced to dock for repairs in North Carolina. The repairs took over a week and resulted in significant out-of-pocket expenses for Plaintiff. The Yacht reached Miami, Florida on October 30, 2013, despite continued engine problems. Significant repairs were needed and, on November 19, 2013, the Yacht was rendered inoperable. Marquis hired a company to perform some of the repair work. Various mechanics who have inspected the Yacht have declared it unsafe and unseaworthy. Despite several requests, Marquis refused to refund the full purchase price to Plaintiff. Ultimately, Plaintiff received a $600,000.00 credit from a third-party toward the purchase of a new boat in exchange for the Yacht.

Counts I through VI allege claims against Marquis. In Count I, for breach of implied contract against Marquis, Plaintiff asserts that on April 19, 2013, he entered into an implied contract with Marquis for the purchase of the Yacht and that Marquis breached the implied contract by failing to deliver a yacht in a useable and seaworthy condition. In Count II, for breach of express warranty against Marquis, Plaintiff alleges that the Yacht came with a manufacturer's warranty that the Yacht was free from defects in workmanship and materials and that Marquis would repair and replace any problems, defects, or deficiencies discovered within

the interior or exterior of the Yacht.  In Count III, which alleges a breach of the implied warranty of merchantability, Plaintiff asserts that the Yacht was not fit for its intended use and for its ordinary purpose and that Marquis was not able to render it fit and safe.  Count IV against Marquis alleges a claim for strict product liability.  Plaintiff, however, has indicated that he will dismiss this claim.  Count V alleges a claim for negligent product liability against Marquis based on Marquis' failure to perform proper inspection and testing on the Yacht prior to delivery to Plaintiff.  Count VI alleges a claim against Marquis for violation of FDUTPA based on Marquis making false representations as to the characteristics and quality of the Yacht and unconscionably and deceptively placing the Yacht for sale.

Counts VII through XI are against Caterpillar.  Count VII asserts a breach of express warranty claim for failing to deliver engines that were fully operational, in a seaworthy condition, and free from defects and for failing to rectify the problems.  Count VIII alleges a breach of implied warranty of merchantability against Caterpillar for failing to repair or replace engines that were not fit for their ordinary purpose.  Counts IX and X are for strict and negligent products liability, respectively; Plaintiff, however, has represented that he will dismiss both these claims.  Finally, Count XI alleges a violation of FDUTPA based on Caterpillar making knowingly false representations as to the characteristics and qualities of goods for sale, including the engines on the Yacht, and unconscionably and deceptively placing the engines for sale.

## II.  THE MOTION TO DISMISS FOR FORUM NON CONVENIENS IS DENIED

Both Defendants seek to dismiss this case based on forum non conveniens because this case arises out of a sale that took place in Canada, for a yacht that was delivered in Canada,

problems with the Yacht first arose in Canada, and the initial warranty service was provided in Canada. Plaintiff responds that this case should not be dismissed for forum non conveniens because Florida law, not Ontario law, governs almost all of Plaintiff's claims and, under the doctrine of forum non conveniens, if United States law applies, a case should not be dismissed to be tried by a foreign tribunal. Plaintiff also argues that a forum non conveniens analysis requires keeping the case in Plaintiff's chosen forum. Regardless of whether United States or Canadian law applies, the motion to dismiss for forum non conveniens must be denied because Defendants have not clearly established one of the elements for dismissal based on forum non conveniens – that an adequate alternative forum is available.

> Dismissal for forum non conveniens is appropriate when:
>
> (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
>
> (2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
>
> (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
>
> (4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.

*Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1290 (11th Cir. 2009). A defendant seeking dismissal based on forum non conveniens has the burden of persuasion as to all elements of a forum non conveniens motion. *McLane v. Marriott International, Inc.*, 547 Fed. App'x 950, 953 (11th Cir. 2013). Here, the Defendants have not met their burden.

The first thing a party seeking dismissal based on forum non conveniens must establish is that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties. *Aldana*, 578 F.3d at 1290.  Defendants have not done this.[4]  While Caterpillar has stated in its motion that it would "waive jurisdictional objections and service of process," Marquis has made no such representation.  Marquis simply argues that an Ontario court would have jurisdiction over the Defendants because Plaintiff is a citizen of Canada, residing in Ontario, and both Defendants provided warranty coverage and service for Plaintiff's Yacht in Ontario, Canada.  However, Marquis has not provided a clear statement of Ontario law that would support this argument.  The case law Marquis relies on to establish that an Ontario court would have jurisdiction over it does not appear to be applicable.  Further, neither Defendant has provided authority showing that under Canadian law a party can waive personal jurisdiction.

Both cases Marquis cites to establish that Ontario would have jurisdiction over it deal with jurisdiction based on an "an incidental action in warranty."  Based on these two Canadian cases, an incidental action in warranty arises out of a pending "principal action" where the *defendant* in the principal action brings a related warranty action *against a third-party*.  *See* cases filed at DE-9, Exs. 7 & 8.  Such is not the situation here.  While Marquis may implicitly be arguing that Plaintiff's pending Ontario action against Crate Marine Sales, Ltd. constitutes a "principal action," Plaintiff is the party bringing both the principal action and the warranty action.  Thus, based on the very limited Canadian law provided to the Court, the circumstances of

---

[4]Even if Defendants had established that an adequate alternative forum is available, Defendants failed to establish that the private interest factors favor dismissal.  Simply stating that "most of the relevant evidence and witnesses are located in Ontario" does not provide the necessary specificity to establish that these factors weigh in favor of dismissal.

this case would not appear to be an incidental action in warranty.  Consequently, Defendants have not shown that Ontario is an available alternative forum because Defendants have not shown that Ontario courts would have jurisdiction over Marquis or that the courts would accept Caterpillar's waiver of jurisdiction.  Thus, the motion to dismiss for forum non conveniens must be denied.

## III.     THE MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION IS GRANTED IN PART AND DENIED IN PART

In the alternative, both Defendants move to dismiss most of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically, Marquis moves to dismiss Counts I, III, IV, V, and VI and Caterpillar moves to dismiss Counts VII, VIII, IX, X, and XI.  For the reasons set forth below, the motions are granted as to Counts III, IV, V, VI, VIII, IX, X, and XI with prejudice, as to Count I without prejudice and denied as to Count VII against Caterpillar.

### A.     Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint.  The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted.  It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

**B.   Discussion**

*i.   Count I is Dismissed Without Prejudice*

Marquis moves to dismiss Plaintiff's breach of implied contract claim, Count I, because Plaintiff has failed to allege mutual assent to the formation of a contract. Under Florida law, a contract implied in fact requires the same elements as an express contract, including a mutual intent to contract. *Jenks v. Bynum Transport, Inc.*, 104 So. 2d 1217, 1224 (Fla. 1st DCA 21012). Further, the Ontario Sale of Goods Act, defines a contract of sale as "a contract whereby the seller transfers . . . the property in the goods to the buyer for money consideration." Province of Ontario Sale of Goods Act, R.S.O. 1990, c. S.1 (Can.). A review of the complaint shows that

8

Plaintiff has not alleged sufficient facts to establish a claim under either law.[5]  Plaintiff has not pled mutual assent with Marquis for the purchase of the Yacht or that Marquis was the seller of the Yacht and that Plaintiff was the buyer.  In fact, the complaint does not state from whom Plaintiff purchased the Yacht.  It simply alleges that Plaintiff purchased the Yacht and the price for which it was purchased.  *See* DE-1 at ¶¶ 9-10.  Even taking the allegations in the light most favorable to Plaintiff, the complaint does not establish that Plaintiff entered into a contract with Marquis under either law.  Consequently, Count I is dismissed without prejudice.  However, given that Plaintiff has conceded that Ontario law would apply to this claim, any replead claim must plead the facts necessary to state a claim under Ontario law.

### ii.      *Counts III and VIII are Dismissed With Prejudice*

Both Defendants seek to dismiss the breach of implied warranty of merchantability claims, Count III (against Marquis) and Count VIII (against Caterpillar).  These claims appear to be brought pursuant to the Uniform Commercial Code (UCC).  Both Defendants argue that these claims must be dismissed because there are no allegations that Plaintiff is in privity of contract with either Defendant.

Florida does not permit a plaintiff to recover economic losses for breach of an implied warranty in the absence of privity, even if all other elements of a claim are present.  *Brophy v. DaimlerChrysler Corp.*, 932 So. 2d 272, 274 (Fla. 2d DCA 2005); *see also Ocana v. Ford Motor Co.*, 992 So. 2d 319, 325 (Fla. 3d DCA 2008) (holding that privity of contract is required to maintain an action for breach of implied warranty).  The complaint does not allege privity of

---

[5]In his response to the motion to dismiss for forum non conveniens, Plaintiff concedes that Ontario law should apply to this claim.

contract between Plaintiff and either Defendant. Plaintiff does not allege any contract between himself and Caterpillar and, as set out above, Plaintiff has failed to adequately plead an implied contract between himself and Marquis.

Further, even if Plaintiff had adequately alleged a claim for breach of the implied warranty of merchantability, Florida's UCC does not apply in this case. Florida's UCC applies to "transactions bearing an appropriate relation to this state." Fla. Stat. § 671.105(1). The implied warranty of merchantability arises at the time of sale. *See* Fla. Stat. § 672.314 (stating that the warranty of merchantability "is implied in a contract for [the goods'] sale"). The sale of the Yacht bears no relation to Florida. Both the sale and delivery of the Yacht took place in Ontario. While Plaintiff later voluntarily moved the Yacht to Florida, such an action by Plaintiff does not establish the necessary relation to Florida to apply Florida's UCC to the transaction.

These claims must also be dismissed under Ontario's Sale of Goods Act, R.S.O. 1990, c. S.1 (Can.), which only permits implied warranty claims against the seller of the goods, not the non-seller manufacturer. *Arora v. Whirlpool Canada LP* (2013), 118 O.R. 3d 113 , para. 31-33 (Can. Ont. C.A.). Thus, regardless of whether Florida or Ontario law applies Counts III and VIII must be dismissed with prejudice.

### iii.    *Count V is Dismissed With Prejudice*

Marquis moves to dismiss Count V for negligent product liability. Marquis asserts that under Ontario law there is no claim for negligent manufacture of non-dangerous goods where the plaintiff sustains purely economic harm and under Florida law Plaintiff's claim is barred by the economic loss doctrine. Plaintiff responds that it has pled the elements of a negligence claim under Florida law. However, the very case relied on by Plaintiff to support this argument

demonstrates that Plaintiff's claim is barred by the economic loss rule. In *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1223 (Fla. 2010), the Florida Supreme Court noted that the economic loss doctrine bars claims of negligence where the defendant is a manufacturer or distributor of a defective product which damages itself but does not cause personal injury or damage to other property. Thus, Plaintiff's negligence claim must be dismissed under Florida law.

Marquis asserts that dismissal is also warranted under Ontario law, while Plaintiff asserts that Ontario law does not apply to this claim. Marquis is correct that Ontario law also mandates dismissal with prejudice. In *Arora v. Whirlpool Canada LP* (2013), 118 O.R. 3d 113, para. 116 (Can. Ont. C.A.), the Ontario Court of Appeal concluded that "policy considerations negate recognizing a cause of action in negligence for diminution in value for a defective, non-dangerous consumer product." Plaintiff's claim falls squarely within this situation because Plaintiff does not allege injury or harm to other property, only harm to the Yacht. Thus, Plaintiff's negligence claim is, in essence, a claim that the Yacht was not worth what Plaintiff paid for it. Consequently, Plaintiff has no claim under Ontario law. Therefore, Count V is dismissed with prejudice.

### iv.   Counts VI and XI are Dismissed With Prejudice

Both Defendants move to dismiss Plaintiff's FDUTPA claims, Counts VI (against Marquis) and XI (against Caterpillar), because Plaintiff's complaint does not allege unfair or deceptive practices that occurred in Florida. Florida courts have held that FDUTPA does not apply to actions that occurred outside of Florida. *See Millennium Communications & Fulfillment, Inc. v. Office of Attorney General*, 761 So. 2d 1256, 1262 (Fla. 3d DCA 2000);

*Coastal Physician Services of Broward County, Inc. v. Ortiz*, 764 So. 2d 7, 8 (Fla. 4th DCA 1999) (stating that FDUTPA is "for the protection of in-state consumers"). Plaintiff asserts that the complaint alleges numerous bad acts in Florida. Regardless of whether that is true, the actual language of Counts VI and XI indicates that the FDUTPA claims are based on Defendants' alleged false representations as to the characteristics and quality of goods for sale and, despite knowing of defects in the goods, Defendants placed the Yacht and engines for sale. Thus, Plaintiff's FDUTPA claims, by their own language, arise out of the sale of the goods, which occurred in Canada, not Florida. There are no allegations about any pre-sale representations made to Plaintiff in Florida. Thus, FDUTPA does not apply to these claims. Consequently, Counts VI and XI are dismissed with prejudice.

### v.    *Caterpillar's Motion is Denied as to Count VII*

Caterpillar seeks to dismiss Count VII for breach of express warranty because Plaintiff has failed to attach a copy of the warranty to the complaint or identify the warranty in his allegations with a degree of specificity. Plaintiff correctly responds that the Federal Rules of Civil Procedure do not require him to attach the warranty to the complaint and further responds that he has pled the warranty and its terms with sufficient specificity. Plaintiff has pled in Count VII that the Caterpillar engines came with an express manufacturer's warranty; that under the warranty, Caterpillar was required to deliver engines that were fully operational, seaworthy, and free from defects; that under the warranty Caterpillar was responsible for repairing, maintaining, and replacing the Yacht's engines; that from the time of purchase the engines have had numerous defects; that Plaintiff sent Caterpillar notice of the defects; and that, despite notice, Caterpillar has failed to adequately maintain, repair, or replace the engines. These allegations are sufficient

12

to meet the requirements of Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that [he] is entitled to relief." Plaintiff has pled more than just the bare, unsupported elements of his claim.[6] Consequently, the motion to dismiss Count VII is denied.

Accordingly, it is

ORDERED that:

1.      Counts IV, IX, and X are DISMISSED without prejudice pursuant to Plaintiff's representations to the Court.

2.      Defendant Marquis Yachts, LLC's Motion to Dismiss Plaintiff's Complaint [DE-6] is GRANTED in part and DENIED in part:

  a.      The Motion to Dismiss for Forum Non Conveniens is DENIED.

  b.      The Motion to Dismiss for Failure to State a Cause of Action is GRANTED as follows:

    i.      Count I is DISMISSED without prejudice. Plaintiff may file an amended Count I if he can allege sufficient facts to state a claim for breach of implied contract under the applicable Ontario or Canadian law. Filing an amended claim without sufficient facts or legal support may lead to sanctions pursuant to Federal Rule of Civil Procedure 11.

    ii.      Counts III, V, and VI are DISMISSED with prejudice.

---

[6] It is not apparent why Caterpillar did not attach a copy of the express warranty to its motion papers. Presumably, it would have if the warranty's terms were inconsistent with the complaint's allegations.

3.   Defendant Caterpillar, Inc.'s Motion to Dismiss and Joinder in Defendant Marquis

Yachts, LLC's Motion to Dismiss [DE-13] is GRANTED in part and DENIED in

part as follows:

   a.   The Motion to Dismiss for Forum Non Conveniens is DENIED.

   b.   The Motion to Dismiss for Failure to State a Cause of Action is

      GRANTED in part and DENIED in part:

         i.   Counts VIII and XI are DISMISSED with prejudice.

         ii.   The motion is DENIED as to Count VII.

4.   If Plaintiff chooses to file an amended Count I, he shall file an Amended

Complaint, reflecting all rulings in this Order, by **March 26, 2015.**

DONE AND ORDERED in Miami, Florida, this ⎯20⎯ day of March, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE


cc:   Honorable William C. Turnoff
      All Counsel of Record