UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-24756-CIV-SEITZ/TURNOFF

ROBERT STEIN,

        Plaintiff,

vs.

MARQUIS YACHTS, LLC and CATERPILLAR, INC.,

        Defendants.

_____/

## ORDER DENYING MOTION TO STAY

THIS MATTER is before the Court on Plaintiff Robert Stein's Motion to Stay Pending Appeal [DE-40], in which Plaintiff seeks to stay this matter until his interlocutory appeal of the Court's order denying his motion to add a claim under the Magnuson-Moss Warranty Act has been resolved. Both Defendants oppose a stay. Because Plaintiff has not met the requirements for the issuance of a stay, the Motion is denied.

*Procedural Background*

Plaintiff initially filed an eleven count complaint alleging that he had purchased a yacht manufactured by Defendant Marquis Yachts, LLC and with engines manufactured by Defendant Caterpillar, Inc. The yacht was purchased from a third-party broker in Ontario, Canada and delivered to Plaintiff, a Canadian citizen, in Canada. The complaint sought damages for breach of express warranty, breach of implied warranty of merchantability, strict product liability, negligent product liability, violation of the Florida Deceptive and Unfair Trade Practices Act, and for breach of implied contract. Both Defendants moved to dismiss. The Court granted the motions in part, leaving one count for breach of express warranty against each Defendant.

Subsequently, Plaintiff sought to amend his complaint to add a Magnuson-Moss Warranty Act claim against each Defendant. Both Defendants opposed the Motion to Amend on the grounds that the amendment was futile. The Court agreed and denied the Motion, finding that the Magnuson-Moss Warranty Act did not apply extra-territorially to a transaction that occurred entirely in Canada. Plaintiff filed a notice of appeal of the order denying his Motion to Amend and then filed the instant motion to stay.

*Discussion*

The Eleventh Circuit has stated that a motion to stay pending appeal seeks "exceptional" relief that should be granted only upon the showing of four factors: (1) that the movant is likely to succeed on the merits; (2) that absent a stay the movant will suffer irreparable harm; (3) that the adverse party will suffer no substantial harm from the issuance of the stay; and (4) that the public interest will be served by issuing the stay. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).[1] Generally, the first factor is the most important. *Id.* However, a Plaintiff may still obtain a stay if he can show a "substantial case on the merits when the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Id.* (internal

---

[1] While the parties appear to agree that this is the standard the Court should employ in determining whether to grant a stay, it is not entirely clear that it is the appropriate standard under these particular circumstances. Most of the cases cited by the parties using this standard involved a motion to stay a final judgment pending appeal or a motion to stay a case pending the appeal in another case which raised the same issue. Neither of these situations are present here, where Plaintiff seeks to stay this action pending appeal of an interlocutory order in this case. The Court, however, has not found any binding precedent that sets out a different standard under circumstances like those presented here. Thus, the Court will apply the standard set out by the parties.

quotations omitted, citation omitted, brackets in original). Because Plaintiff has not established that a single one of these factors weighs in his favor, the motion is denied.

In his motion, Plaintiff does not even attempt to argue that he is likely to succeed on the merits; instead he concedes that the "Court necessarily believes its Order was correct." Thus, he has not shown either a substantial likelihood of success on the merits or even a substantial case on the merits. This failure alone is sufficient to deny the motion.

Additionally, Plaintiff has not shown that he will suffer any irreparable injury. Plaintiff appears to argue that the cost of a possible second trial, following a decision on the appeal, constitutes irreparable injury. However, the costs of litigation do not constitute irreparable injury. *See Federal Trade Commission v. IAB Marketing Associates, LP*, 972 F. Supp. 2d 1307, 1312 (S.D. Fla. 2013) (holding that litigation expenses are not an irreparable injury and noting that to find otherwise would mean that this factor would always favor a stay). Thus, Plaintiff has not shown that the first or second factor favor a stay.

While the last two factors do not seem to weigh in favor of or against a stay, the fact that the first two factors do not weigh in favor of a stay is sufficient to deny the motion. The Plaintiff has not met his burden. Accordingly, it is

ORDERED that Plaintiff Robert Stein's Motion to Stay Pending Appeal [DE-40] is DENIED.

DONE and ORDERED in Miami, Florida, this 1st day of July, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

3